## CRANE v. BUCKLEY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

.No. 58.   Argued October 25, 1906.—Decided December 3, 1906.

The obligation of sureties upon bonds is *strictissimi. juris* and not to be extended by implication or enlarged construction of the terms of the contract entered· into.

Sureties on a supersedeas bond given by defendant to answer, in case of his failure to prosecute his appeal to effect, to plaintiff for loss in use and possession of premises, which, under decree of Circuit Court. plaintiff was entitled to reënter on a date therein specified in default of payment by defendant of balance of purchase price, *held* not liable on the bond where the Circuit Court of Appeals affirmed the decree as to plaintiff's right to reënter in case of non-payment, but modified it by giving deferidant until a later date to make the final payment, thereby also extending his right of possession until that date.

THE facts are stated in the opinion.

*Mr. Charles S. Cushing,* with whom *Mr. William Grant* was on the brief, for plaintiff in error:

˙ The bond under consideration is given under § 1000, Rev. Stat., and is a formal instrument required by the law, and governed by the law, and has, by nearly a century's use become a formula in legal proceedings, with a fixed and definite meaning. *Hotel Co.* v. *Kountze,* 107 U. S. 378.

The affirmance of the judgment by the upper court conclusively establishes the liability of the appellant on the bond.

*Davis* v. *Patrick,* 57 Fed. Rep. 909; *Babbit* v. *Shields,* 101 U. S. 7.

The only question to consider is, was the judgment of the lower court affirmed? In the case now under consideration the judge, who first tried the case in the lower court, determined that the judgment had been affirmed and instructed the jury accordingly. This ruling was correct although reversed by the Circuit Court of Appeals.

As to the term "prosecute to effect," meaning "prosecute with success," see 10 Am. & Eng. Ency. of Law, 2d ed., 445; *Perreau* v. *Bevan,* 5 B. & C. 284; *Gould* v. *Warner,* 3 Wend. (N. Y.) 54; *Karthaus* v. *Owings,* 6 H. & J. (Md.) 138.

The construction placed upon this phrase, "prosecute to effect," by the bulk of authorities, is that the suit shall be prosecuted successfully to a final judgment. Note to 38 Am. St. Rep. 706; *Wood* v. *Thomas,* 5 Blackford, 553; *Trent* v. *Rhomberg,* 66 Texas, 253; *Butt* v. *Stinger,* 4 Cr. C. C. 252; *Hopkins* v. *Orr,* 124 U. S. 510.

The decree entered by the lower court, modifying the former judgment, is a false quantity in the case and cannot affect the question as to whether Buckley made good his appeal. The action of the upper court in affirming the judgment conclusively established the liability on the bond. *Davis* v. *Patrick,* 57 Fed. Rep. 909; *Babbitt* v. *Shields,* 101 U. S. 7.

*Mr. D. M. Delmas* for defendant in error, submitted:

The right of Buckley to remain in possession of the premises was coextensive with his right to complete the payment of the amount adjudged to be due to Crane. *Gessner* v. *Palmateer,* 89 California, 91, 97; *Dingley* v. *Bank of Ventura,* 57 California, 471; *Avery* v. *Clark,* 87 California, 619; *Sparks* v. *Hesse,* 15 California, 194; *Purser* v. *Cody,* 120 California, 218.

The appeal was prosecuted to effect so far as the possession of the property was concerned, between January 1, 1899, and November 1, 1899, and, therefore, the sureties upon the supersedeas bond were relieved from all liability to plaintiff in

error. *Powers* v. *Crane*, 67 California, 65; *Powers* v. *Chabot*, 93 California, 263; *McCallion* v. *Hibernia S. & L. S.*, 98 California, 442; *Chase* v. *Ries*, 10 California, 518; *Hawes* v. *Sternheim*, 57 Ill. App. 126; *Heinlen* v. *Beans*, 73 California, 340; *Daggett* v. *Mensch*, 141 Illinois, 396; *Poppenhausen* v. *Selley et al.*, 41 Barb. 450; *Perkins* v. *Spaulding*, 3 T. B. Mon. (Ky.), 12; *Kibble* v. *Butler*, 28 Mississippi, 587.

MR. JUSTICE DAY delivered the opinion of the court.

This was an action upon a supersedeas bond, brought by the plaintiff in error, Henry A. Crane, against defendants in error, Cornelius F. Buckley as principal, and Rudolph Spreckles and Timothy Hopkins as sureties.

The bond was given in an action brought by Crane against Buckley in the Superior Court of Tulare County, California, removed to the United States Circuit Court of the Southern District of California.

Crane brought suit to foreclose a contract for the sale of certain lands to Buckley and for the recovery of possession thereof. Upon answer and cross-bill Buckley made the defense that the sale was procured by false and fraudulent statements and misrepresentations. The court found for complainant Crane; that the charges of fraud were not sustained; that the rights, interests and claims of Buckley in and to the property should be foreclosed, subject to the equitable privilege that if Buckley should pay to Crane prior to January 1, 1899, the unpaid portion of the purchase price and the interest thereon, with taxes and costs, Crane should convey to Buckley all the said real estate pursuant to the agreement of purchase, and it was provided in said decree:

" And unless said respondent shall place on file herein some sufficient and satisfactory evidence that he has paid, or has tendered, and is able, ready and willing to pay, to said complainant, Henry A. Crane, the amounts of money hereinbefore provided to be paid for the purchase of said property, on or

before the first day of January, A. D. 1899, it is ordered, adjudged and decreed that the clerk of this court do, on request of said complainant, Henry A. Crane, or of his counsel, issue a suitable and sufficient order or writ to the marshal of this court, and under the seal thereof to remove said respondent, Cornelius F. Buckley, from the possession, use and occupation of said real property, water ditches, water rights and rights of way, and to place complainant, Henry A. Crane, or his legal representatives, in the exclusive possession, use and occupation thereof."

This decree was entered on November 16, 1898; on December 16, 1898, Buckley appealed from the decree to the Circuit Court of Appeals, and a supersedeas bond in the sum of $8,000, being the one in suit, was given. This bond is as follows:

"Whereas, the said respondent and cross complainant is desirous of staying the execution of the said judgment so appealed from in so far as it relates to the possession of the land and premises involved therein, and is desirous of staying the execution of said judgment or decree, so appealed from, in so far as it relates to the costs awarded to complainant therein:

"Now, the condition of the above obligation is such that if the said C. F. Buckley shall prosecute his appeal to effect, and shall answer all damages and costs that have been and shall be awarded against him, if he fails to make his appeal good, and if he shall answer all damages that shall accrue to the said respondent by reason of the value of the use and occupation of the land and premises from the time of said appeal until the delivery of possession thereof to said Henry A. Crane, and for all waste committed thereon, then the above obligation to be void, else to remain in full force and effect."

October 2, 1899, the Circuit Court of Appeals affirmed the decree. On October 19, 1899, Buckley having filed a petition for rehearing as to a part of the judgment given October 2, 1899, or for such modification thereof as would allow him until November 1, 1899, within which to make the payments required, the Circuit Court of Appeals found:

"The record does show that the appellant made large payments under the contract, and that he has made other large expenditures in the improvements of the property, which was the subject of the contract. It is also true that the sums remaining due from the appellant under the contract were large. These payments, the decree of the court below, which was entered on the sixteenth day of November, 1898, required to be made prior to January 1, 1899, in order that the rights and interests of the appellant in the property be saved, which were by the decrees otherwise forever foreclosed and ended. Under the circumstances appearing in the record this court is of the opinion that it is equitable and just to allow the appellant until the first day of November, 1899, within which to make the payments required by the decree from which the appeal is taken; and, accordingly, it is ordered that the judgment of this court on the second day of October, 1899, be, and hereby is, so modified as to read: 'Cause remanded to the court below, with directions to substitute for the first day of January, 1899, the first day of November, 1899, within which the payments therein provided for are permitted to be made, and, as so modified, the decree is affirmed.'" 97 Fed. Rep. 980.

Upon mandate from the Circuit Court of Appeals, this modification was entered in the Circuit Court.

Possession of the property was not in fact delivered till November 4, 1899. After the proceedings above recited action was commenced on the bond to recover $8,000, the penalty thereof, for the alleged value of the use and occupation of the premises by Buckley, between January 1 and November 1, 1899, and waste.

On the first trial of the case in the Circuit Court a verdict of $5,000 was rendered against the present defendant in error, afterwards reduced to $3,000.

This judgment was reversed upon writ of error to the Circuit Court of Appeals. 123 Fed. Rep. 29.

Upon a subsequent trial of the case, upon instructions following the ruling of the Circuit Court of Appeals, a verdict and

judgment were rendered in favor of the defendant in error. Another writ of error being taken to the Circuit Court of Appeals, this judgment was affirmed, and the plaintiff in error brought the case here.

The question in this case as presented here is briefly this: Can the plaintiff in error recover upon the supersedeas bond for the value of the use and occupation of the premises in question from January 1, 1899, to November 1, 1899? This was the period for which the Circuit Court of Appeals, upon the application for rehearing, modified the decree so far as to extend the right of Buckley, one of the defendants in error, and the principal in the bond, to remain in possession of the premises, postponing the foreclosure of his rights therein until the end of the period named in the extension. The bond was given under cover of section 1000 of the Revised Statutes of the United States, which provides:

"Every justice or judge signing a citation on any writ of error shall, except in cases brought up by the United States or by direction of any department of the Government, take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer by damages and costs where the writ is a supersedeas and stays execution, or the costs only where it is not a supersedeas as aforesaid."

The object and purpose of this section and the bond given in pursuance thereof is to indemnify the party prevailing in the original suit against loss in the respects stated in the bond, by reason of an ineffectual attempt to reverse the holding of the trial court. The successful party in this case, the plaintiff, could not have the decree executed, so far as the possession of the property was concerned, after the supersedeas bond was given, and the purpose of that instrument was to secure him from loss during the time and to the extent that his hand was stayed from action. In order to keep the obligation of the bond it was necessary that the plaintiff in error should substantially reverse the judgment or decree in the respects in

which the bond was indemnity. As was said by Mr. Chief Justice Waite, in *Gay* v. *Parpart*, 101 U. S. 391, 392:

"If, on final disposition of a writ of error or appeal, the judgment or decree brought under review is not substantially reversed, it is affirmed and the writ of error or appeal has not been prosecuted with effect."

It is elementary that the obligation of sureties upon bonds in *strictissimi juris,* and not to be extended by implication or enlarged construction of the terms of the contract entered into. What then was the attitude of the case when this appeal bond was given? The action had been brought to foreclose a contract of purchase. The defense had proved unavailing. The decree had provided that unless Buckley made the payments required by January 1, 1899, his right and interest in the property should be forever foreclosed, and a writ should issue to put the plaintiff in possession of the property.

From this decree Buckley appealed, and in order to prevent its execution gave the bond in suit, which recites that he is desirous of staying the execution of the judgment appealed from in so far as it relates to the possession of the lands and premises involved, and as to costs, which are not now in controversy. Then comes the condition of the obligation, that the appellant shall prosecute his appeal to effect, and the undertaking that if he fails to make his appeal good he shall answer in damages which shall accrue by reason of the value of the use and occupation of the premises until the delivery of the possession thereof, and for waste committed thereon. The effect of this bond was to permit Buckley to remain in possession and to require him to prosecute his appeal to effect; in default of which he and his sureties may be subjected to liability upon the bond.

What is meant by prosecuting his appeal to effect? It is an expression substantially equivalent to prosecuting his appeal with success; to make substantial and prevailing his attempt to reverse the decree or judgment awarded against him.

It is to be remembered that there is not involved in this suit

any right to recover for use and occupation other than that between the dates of January 1, 1899, and November 1, 1899. This is the very time during which, by the modified decree entered by virtue of the order of the Circuit Court of Appeals, the foreclosure of the contract was postponed and the defendant in error, Buckley, permitted to remain in possession of the premises.

As we have said, the appeal bond was to secure the plaintiff from loss in the use and possession of the premises, unless Buckley prosecuted his appeal to effect. It is manifest that the effect of the decree in the Circuit Court of Appeals was to extend the time of rightful possession for the period covered in this suit. This right of possession, withheld from the plaintiff in error by the extension awarded in the Court of Appeals, was the essence of the thing for which the plaintiff in error was indemnified by the terms of the obligation. We cannot think it makes any legal difference in the liability of the sureties upon the bond that Buckley did not pay the balance of the purchase money within the time of the extension. The effect of the decree was to extend the right of possession and to prevent a foreclosure of his rights after January 1, 1899, until the date named, November 1, 1899.

This extended right of possession and postponement of foreclosure to November 1, 1899, Buckley gained by the appeal, which, in our view, he thus prosecuted to effect, or what, is another way of saying the same thing, to a successful issue upon the very thing—the wrongful possession of the property —against which the plaintiff in error was indemnified by the terms of the obligation sued upon. In this view of the case the judgment of the Circuit Court of Appeals is

*Affirmed.*