## In re ECCLESTON.
### No. C–1016.

District Court E. D. New York.
May 1, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

John J. McGinniss, of Brooklyn, N. Y., for respondents.

MOSCOWITZ, District Judge.

This is a motion made by the United States of America for judgment upon a bond given by William D. Eccleston, as principal, and Eva May Eccleston, as surety, in the sum of $2,500 for the release of the motorboat K–13524.

This motorboat was seized on July 23, 1924, for an alleged violation of section 26 of title 2 of the National Prohibition Act (27 USCA § 40) and sections 4377 and 4214 of the Revised Statutes (46 USCA §§ 325 and 103).

An application was made by William D. Eccleston for the return to him of the said motorboat. Pursuant to said application on August 20, 1924, an order was entered in this proceeding directing the return of the said motorboat unless within five days after entry of said order a libel was filed against the motorboat. No libel at that time was filed against the motorboat.

Thereafter, on August 26, 1924, said William D. Eccleston made an application for the release of said motorboat. An order was entered on August 29, 1924, directing the release of said motorboat upon the filing of a bond in the sum of $2,500 conditioned that said motorboat would be returned to the custody of the Marshal of this district on the day of trial to abide the judgment of the court, and further conditioned:

"That said vessel shall not during the continuance of this suit or until the final determination of said proceeding and suit, engage in the unlawful transportation of liquor from any foreign port or place to any ports of the United States, whether within or beyond the three mile limit, and whether with or without the aid of shorecraft or other vessels, it being expressly understood and agreed that evidence of the engagement in said unlawful liquor traffic shall not be conditioned upon the seizure of said vessel, but only such evidence shall be required as is satisfactory to this Court."

On September 3, 1924, a bond containing the aforesaid condition was executed by William D. Eccleston, as principal, and Eva May Eccleston, as surety.

On September 3, 1924, a libel was filed for forfeiture of said motorboat by virtue of the seizure thereof on July 23, 1924. A claim was filed by the owner. No answer or objections were filed to said libel, and no decree of forfeiture has been entered in this libel proceeding.

On April 13, 1925, subsequent to the filing of this bond, another libel was filed in this court under No. C–1369 for the forfeiture of said motorboat on account of the al-

leged violation on February 18, 1925, of the National Prohibition Act and sections 4377 and 4214 of the Revised Statutes and section 593 of the Tariff Act of 1922 (19 USCA §§ 496, 497), it being plain that on February 18, 1925, said motorboat had on board and was transporting a quantity of intoxicating liquors.

On April 23, 1925, a decree was entered in this second libel proceeding forfeiting the said motorboat K–13524. The motorboat was subsequently sold in this second libel proceeding.

In this motion the government seeks to forfeit the bond. The motion may be properly made in this proceeding as it involves a bond given under and pursuant to an order of this court. It is therefore subject to forfeiture in the proceeding in which the bond was given, and no common-law action is necessary to be instituted upon said bond.

It is claimed by the government that the libel and decree of forfeiture under file No. C–1369 established a breach of the second condition of the said bond in that subsequent to the filing of said bond on September 4, 1924, the said motorboat was engaged in the unlawful transportation of liquor in violation of the condition of the said bond. The government does not contend that said motorboat was engaged in the unlawful transportation of liquor from any foreign port or foreign place to any port in the United States, but claims that the language of the bond covered any illegal transportation whether from a foreign port or place, or a domestic port or place. With this contention I am unable to agree. The Supreme Court in Crane v. Buckley, 203 U. S. 441, 27 S. Ct. 56, 58, 51 L. Ed. 260, said:

"It is elementary that the obligation of sureties upon bonds is strictissimi juris and not to be extended by implication or enlarged construction of the terms of the contract entered into."

The bond should be construed according to its terms and not extended beyond them. It cannot be argued that some other intention was in the mind of the drawer of the bond than that expressed in the four corners of the bond. It was not the intention of the bond to cover any transportation of liquor from any local port or place. The bond contained the words "foreign port or place." That means foreign port or foreign place. The word foreign modifies place or well as port. Bigley v. New York & P. R. S. S. Co. (D. C.) 105 F. 74, 76, King v. Parks, 19 Johns. (N. Y.) 375, 376.

There was therefore no violation of the condition of the bond. Other questions have been raised by the respondent which are not necessary to be considered in view of my opinion that the condition of the bond has not been breached.

Motion for judgment will be denied. Settle order on notice.