194

W. L. Eason, of Waco, for appellants.

J. W. Spivey, of Waco, for appellee.

ALEXANDER, Justice.

This is an original proceeding instituted in the lower court to recover on a supersedeas bond. In August 1934, G. W. Ware recovered a judgment against Mrs. C. W. Harris and others for debt with foreclosure of lien and certain other relief not necessary to here mention. The defendants in that suit appealed by supersedeas bond. On appeal we affirmed the judgment in part and reversed and rendered it in part. Motion by appellees in that suit for summary judgment against the sureties on the supersedeas bond was denied by this court on the ground that this court was without jurisdiction to grant such relief because the recovery on appeal was materially less than in the trial court. See Harris v. Ware, Tex.Civ.App., 93 S.W.2d 598. The Supreme Court refused writ of error in that case. Execution was issued on the judgment but was later returned "No property found." Ware died and T. H. Keoun, as executor of his estate, brought this action as an independent suit in the trial court to recover on the supersedeas bond. From a judgment in favor of the plaintiff, the defendants have appealed.

The material question to be determined by this appeal is:- Where an appeal is taken and supersedeas bond given and the judgment of the trial court is affirmed in part and reversed and rendered in part, may the appellee, in an original proceeding instituted in the trial court, recover on the supersedeas bond to the extent that the judgment was affirmed in his favor? The question does not appear to have been heretofore settled in this state.

Revised Statutes, art. 2270, reads as follows: "An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him." The bond in question was given in compliance with this statute and was conditioned that "the appellant shall prosecute her appeal with effect and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against her, she shall perform its judgment, sentence or decree, and pay all such damages as said court may award against her." Appellant, in the original proceedings, secured a more favorable judgment in the Court of Civil Appeals than had been rendered against her in the trial court, and she thereby prosecuted her appeal "with effect." Blair v. Sanborn, 82 Tex. 686, 18 S.W. 159, 160. Consequently, she and the sureties on her

bond here contend that since she prosecuted her appeal with effect, she fully performed the conditions of the bond and they should be discharged from any further liability thereon. It should be noted, however, that the bond and the statute under which it was executed bind the obligors in the bond to do two things—that is, prosecute the appeal with effect *and* perform the judgment of the appellate court.

In the case of Trent v. Rhomberg, 66 Tex. 249, 251, 18 S.W. 510, 511, the Supreme Court had before it a suit to recover on supersedeas bond where the appeal had been dismissed at appellant's costs. The appellant in that case having paid the costs assessed against him by the appellate court, contended that he had fully performed the conditions of the bond because he had performed the only judgment that had been rendered against him by the appellate court. In discussing this question, the court said: "The bond was conditioned that the principal obligor 'shall prosecute its appeal with effect, and in case the judgment of the appellate court shall be against it' the principal 'shall perform its judgment, sentence, or decree, and pay all such damages as said court may award against it,' in literal conformity to the statute then and now in force. The appellees contend that these obligations are in the alternative; that they were bound either that the principal should prosecute its appeal with effect, or pay the judgment of the supreme court; and that they have performed the contract in paying the costs adjudged against them in the order dismissing the appeal. The statute provides for a contract to do two things, and not one of two. The bond is, in terms, that both shall be done, not one or the other. In Hobart v. Hilliard, 11 Pick. [Mass.] 143, the bond was conditioned to prosecute the appeal with effect, and pay the intervening damages. It was held that the appeal was prosecuted with effect, but the liability of the sureties upon the other condition was not questioned. * * * As a general rule, when the appellant prosecutes his appeal with effect, the judgment is reversed, and the cause is remanded, with no sentence or decree to be performed by the appellant, or award of damages to be paid by him. This general rule was evidently in view when an appeal-bond, with the obligation to perform the conditions in the alternative, was held to be sufficient, in Robinson v. Brinson, 20 Tex. 438. In the great majority of cases then coming before this court, if the judgment was reversed, the cause was remanded for a new trial. But, under the practice inaugurated under the present constitution, many cases are tried in the district court without a jury; and in many of them the judgment is reversed, and here rendered. In those in which the judgment is reversed, and here rendered against the appellant, the appeal is prosecuted with effect, in any sense of these terms; and yet, by the judgment of this court, the principal and sureties in the bond are bound on the other obligation contracted to perform important and onerous decrees. There is no harshness in this interpretation of the bond. The sureties are no further bound than they have contracted to be. They are given the simple justice of a literal interpretation of the language of their undertaking. The principal is not allowed to delay the execution of an erroneous judgment without securing the performance of the proper judgment to be rendered in the court to which he appeals. The bond bound the principal to prosecute the appeal with effect, as well as to perform the judgment of the supreme court. It is no defense to a suit for breach of one condition that the other has been performed."

In the case of Blair v. Sanborn, 82 Tex. 686, 18 S.W. 159, 160, the court uses language which, if standing alone, might lead to the conclusion that a surety on an appeal bond is discharged when he secures a reversal in part of the judgment appealed from. It should be noted, however, that in that case the court was dealing with a cost bond and not a supersedeas bond. Later on in that same opinion, the court referred back to its opinion in Trent v. Rhomberg, 66 Tex. 249, 251, 18 S.W. 510, where a supersedeas bond was involved and used language which, we think, makes it clear that the court intended to adhere to its original holding that a surety on a supersedeas bond sustains a double obligation—that is, to both prosecute the appeal with effect and to perform the judgment of the appellate court. In this connection, the court said: "In the case of Trent v. Rhomberg, 66 Tex. 249 [18 S.W. 510], an appeal was dismissed for want of prosecution, and costs were adjudged against appellant and the sureties on his appeal-bond, which operated a supersedeas; and, in an action on that bond to recover the sum due on the judgment,

it was contended that payment by appellant of the costs adjudged against him by this court was a satisfaction of his bond. But this was held not to be true, and that nothing would satisfy the bond short of a successful prosecution of the appeal, or the payment of the judgment rendered by the district court. This was manifestly just, for appellant and his sureties had contracted to prosecute the appeal with effect, which involved a presentation of the case to this court for adjudication on its merits, as well as the result of that adjudication; and a failure to present the case for adjudication was such a breach of the condition to prosecute the appeal with effect as would have been an adjudication on the merits against appellant. When one has thus taken the first condition in an appeal-bond, he cannot be heard to say that he has satisfied the other condition by paying a judgment for costs rendered by this court, when that condition makes it obligatory on him and sureties to pay such a judgment as this court may render against them on an adjudication of the case appealed upon its merits."

See also Denton Milling Co. v. Blewett, Tex.Civ.App., 254 S.W. 236; A. C. Horn Co. of Texas v. Bonin, Tex.Civ.App., 23 S.W.2d 804.

Our view that the appellants are liable on the supersedeas bond in question is strengthened by the holding of the Supreme Court in the case of Prim v. Farmers' National Bank of Dublin, 51 S.W.2d 684. In that case it was held that even though the judgment rendered in the Supreme Court was less than that rendered in the district court, a summary judgment could be rendered on the supersedeas bond in the Supreme Court to the extent of the judgment so rendered against appellant. It is true that this holding was based on the provisions of Revised Statutes, art. 1767, which expressly authorized the Supreme Court to render judgment on the supersedeas bond for whatever judgment was finally rendered against the appellant. But that statute, art. 1767, did not create the liability against the sureties on the supersedeas bond but merely conferred jurisdiction on the Supreme Court to enter a summary judgment for the enforcement of the bond in accordance with its terms. As said by Justice Greenwood in Wichita Falls R. & Ft. Worth R. Co. v. Combs, 115 Tex. 405, 283 S.W. 135, 138, in referring to this statute, "The complete purpose of the act must have been to remove the restriction on the power of the appellate courts to require full performance by sureties on supersedeas bonds of the judgment finally pronounced when such judgment exacted less of the principal than the original judgment." If the Supreme Court, which is limited in its jurisdiction, can render judgment on the bond under such circumstances, we see no reason why a district court, which has general jurisdiction, can not render a like judgment on such a bond under similar facts.

Based on the foregoing decisions, we are of the opinion that the trial court properly held that the plaintiff was entitled to recover on the supersedeas bond even though the judgment rendered by this court in the case in which such bond was given exacted less of the appellant therein than the original judgment.

Appellants also contend that appellee's motion for summary judgment in this case on the original appeal was such an election of remedies as estopped him from bringing an independent action on the bond, and that the judgment of this court denying such motion is res adjudicata of the present action. We cannot sustain this contention. We refused to enter a judgment on the bond on the original appeal of Harris v. Ware, supra, not because of lack of merit in the cause but because under the peculiar provisions of Revised Statutes, art. 1857, this court was without jurisdiction to enter the summary judgment prayed for. The erroneous selection of a tribunal without jurisdiction to hear and determine a cause ought not to be held to constitute such an election of remedies as would bar a subsequent suit on the same cause in a court having jurisdiction thereof. 15 Tex.Jur. 828; Employers' Casualty Co. v. Rockwall County, 120 Tex. 441, 35 S.W.2d 690, 38 S.W.2d 1098; Cobb & Gregory v. Parker, Tex.Com.App., 236 S.W. 1108.

We have carefully considered all of appellants' other assignments and find no reversible error.

The judgment of the trial court is affirmed.