Stanley L. NEELEY,
Plaintiff–Appellant,

v.

BANKERS TRUST CO. OF TEXAS, et al., Defendants–Appellees,

and

Fireman's Fund Insurance, et al.,
Intervenors–Appellees.

No. 87–1760.

United States Court of Appeals,
Fifth Circuit.

July 8, 1988.

Rehearing Denied Aug. 8, 1988.

Stephen F. Malouf, Dallas, Tex., for plaintiff-appellant.

Michael Farris, James Knox, Dallas, Tex., for intervenors-appellees.

Brian Hurst, Dallas, Tex., for defendants-appellees.

Before REAVLEY, GARWOOD and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Stanley L. Neeley appeals the district court's order releasing Fireman's Fund from liability as a surety on a supersedeas bond filed in a prior appeal of this case. We affirm.

I

Neeley sued Clint Murchison, Bankers Trust Company, and TeCe Corporation for breach of contract and fraud. *Neeley v. Bankers Trust Co. of Tex.*, 757 F.2d 621, 623–24 (5th Cir.1985). The dispute centered on promises and other dealings between Neeley and Murchison while Neeley was president and Murchison was chairman of the board of Optimum Services, Inc. The jury awarded over two million dollars on the contract claim, approximately $300,000 on the fraud claim, and $750,000 as punitive damages. *Id.* at 625. The district

court reduced the contract award to $775,-187.30, disallowed the fraud damages as duplicative of the contract damages, but allowed all of the punitive damages. *Id.* at 625–26. The total damages awarded were slightly over 1.5 million dollars. *Id.* at 626.[1]

Murchison appealed and was a principal with American Insurance Company, Fireman's Fund's predecessor in interest, as surety on a supersedeas bond of $1,830,-475. That bond provided:

> Appellants shall prosecute their appeal with effect; and in case the Judgment of the United States Court of Appeals or the United States Supreme Court shall be against them, they shall perform its judgment, sentence or decree, and pay all such damages as said Court may award against them.

Murchison went into bankruptcy during the pendency of the appeal. The court of appeals did not order a monetary recovery against Murchison. It reversed the contract claim, finding that the indefiniteness of its essential terms rendered it unenforceable. The court found that Murchison was liable for his fraud, but the court could not determine the amount of damages for that claim. Instead, the case was remanded for a new trial on damages for fraud. Similarly, although the court found that exemplary damages were warranted, it vacated those damages because it could not determine "the reasonableness of the relationship between the existing exemplary award and a compensatory award that the district court has yet to render." *Neeley,* 757 F.2d at 630–31.

After the opinion was announced, Neeley moved the court to stay release of the supersedeas bond. The court granted the motion and denied Murchison's motion for reconsideration. On remand, Fireman's Fund intervened to protect their interest on the bond. The district court stayed release of the bond. Eventually, the court re-

versed itself and released Fireman's Fund from liability. It then denied Neeley's motion for reconsideration but certified the issue pursuant to 28 U.S.C. § 1292(b). We accepted certification.[2]

## II

■ The issue presented in this case is whether a surety remains bound on a supersedeas bond after the court remands for a new trial on damages. As both sides agree, a bond, being a contract, is controlled by the language in the bond. *See Aetna Casualty & Sur. Co. v. LaSalle Pump & Supply Co.,* 804 F.2d 315, 317 (5th Cir.1986). Here, the bond provides for the principals and surety to "perform [the court of appeals] judgment, sentence or decree, and pay all such damages as said Court may award against them." Does the obligation to perform the "judgment, sentence or decree" and "pay all such damages" include the damages award on retrial?

We hold that it does not. The language of the bond is explicit in that it includes only the judgment, sentence or decree and award of damages of the court of appeals. On the original appeal, there were no damages awarded. Instead, all of the damages were either reversed or vacated for a new trial. Under comparable facts we said in *LaSalle Pump,* 804 F.2d at 317,

> [o]nce the appellate court reverses the original judgment, no enforceable judgment exists and a new trial—even though perhaps limited to damages—must be held.

Here, there was no judgment, in terms of money damages, to enforce after the appeal. Instead, a new trial was necessary. The bond, limited by its explicit terms to the judgment of the court of appeals, was discharged.

1. Judgment was entered against both Murchison and TeCe, a Murchison family company. *Neeley,* 757 F.2d at 626. However, the case centered almost exclusively on Murchison himself. TeCe was impliedly exonerated on appeal and is not involved in this appeal. Therefore, we refer

to the appellant in the first case simply as "Murchison."

2. Retrial on the damages issue has taken place and is now the subject of a separate appeal in this court.

Neeley argues, however, that the "judgment, sentence or decree" language of the bond includes a retrial on damages. Since the finding of fraud was affirmed, he argues, that was the decree of the court that binds the surety to pay the damages assessed on retrial. We disagree. The retrial on damages results in an entirely new judgment. The bond is limited to any decree of the court of appeals; it does not include an entirely new judgment of the district court.

A supersedeas bond protects the appellee from the inherent risks, such as subsequent insolvency of the appellant, associated with the delay in enforcement of the district court's judgment while the appeal proceeds. The bond here served its purpose: if the judgment had been affirmed, to the extent of awarding any monetary damages, Neeley would have been entitled to collect those damages from the surety after Murchison's bankruptcy.

The language of the bond is a paraphrase from supersedeas bonds in Texas courts. *See* Tex.R.App.P. 47(a) (Vernon 1988). In *Harris v. Keoun,* 135 S.W.2d 194 (Tex.Civ.App.1939), the court held that modification of the judgment to a lesser amount than the trial court awarded meant that the surety was liable for the lesser amount. The court explained that surety and principal "are given the simple justice of a literal interpretation of the language of their undertaking." *Id.* at 195 (quoting *Trent v. Rhomberg,* 66 Tex. 249, 251, 18 S.W. 510, 511 (1888)). There are two obligations in the bond, to prosecute the appeal with effect and to perform the appellate court's judgment. If a judgment is reduced and rendered on appeal, the surety remains bound for that amount.

By contrast, there was no "important and onerous" decree, *Harris,* 135 S.W.2d at 195 (quoting *Trent*), for the surety to perform here. Instead, Neeley simply had the right to a retrial on damages. We agree with *Harris* and *Trent* that the bond language would support the enforcement of an appellate award, even if reduced from the original amount. But there was no appellate decree to enforce in this case.

There was no "sentence or decree to be performed by the appellant, or award of damages to be paid by him." *Harris,* 135 S.W.2d at 195 (quoting *Trent*). Therefore, there is no liability on the supersedeas bond.

Neeley contends, however, that the decision is controlled by *Franklinville Realty Co. v. Arnold Constr. Co.,* 132 F.2d 828 (5th Cir.), *cert. denied,* 318 U.S. 791, 63 S.Ct. 994, 87 L.Ed. 1157 (1943). In that case, the court stated:

As to the refusal to discharge the surety, the judgment on the former appeal was not a judgment of reversal but one of affirmance with a reversal limited to taking evidence and obtaining findings not upon whether appellee should have a judgment, but upon whether the judgment it had obtained should be for the same or a less sum. To abide this judgment as finally entered pursuant to the mandate, the surety remained bound.

*Id.* at 829. We find *Franklinville Realty* distinguishable. First, *Franklinville Realty* does not contain the language of the bond. Without that language, it is difficult to determine the intent of the parties to the bond. Second, *Franklinville Realty* stated that its original remand was to determine whether the judgment "should be for the same or a less sum." 132 F.2d at 829. In other words, the money judgment was affirmed with remand limited to determine if it should be reduced. *See also Rector v. Mass. Bonding & Ins. Co.,* 191 F.2d 329, 332–33 (D.C.Cir.1951) (surety remained bound when principal judgment was affirmed but case was remanded for determination of reduction of award due to improperly dismissed counterclaim). Unlike in *Franklinville Realty* and *Rector,* the entire award of money damages was vacated here. There was no setoff or reduction that the district court was to apply. Instead, Neeley had to prove his damages on remand.

■ Lastly, Neeley contends that the initial panel's stay of the release of the bond conclusively determined the issue. We disagree. A stay is simply that, a stay. It did not conclusively determine liability on

the bond. Instead, it preserved the status quo pending further decision. The district court, after the intervention of Fireman's Fund, then determined the issue. There was nothing improper with that determination even in light of the stay.

AFFIRMED.