Kathy HOLMES, Plaintiff/Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY as surety for Foster Pontiac GMC, Inc., Defendant/Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

July 13, 1992.

Application for Permission to Appeal Denied by Supreme Court Oct. 19, 1992.

Lanier Fogg, Memphis, for plaintiff/appellant.

James W. Cook, Memphis, for defendant/appellee.

FARMER, Judge.

Plaintiff, Kathy Holmes, appeals from the order of the trial court denying Plaintiff's motion to enforce appeal bond as to attorney's fees and dismissing surety.

In February 1988 Plaintiff obtained a judgment against Foster Pontiac GMC, Inc., in the amount of $35,505.00 in a lawsuit brought under the Tennessee Consumer Protection Act, T.C.A. § 47–18–101 et seq. Of the award, $23,100.00 represented attorney's fees recoverable under the Act. When Plaintiff levied executions on Foster Pontiac's bank account, Foster Pontiac filed a motion to quash execution and grant stay of execution pending appeal. In connection therewith, Foster Pontiac filed an appeal bond in the amount of $39,000.00 which Defendant, USF & G, executed as corporate surety.

On appeal Foster Pontiac contended, *inter alia*, that the award of attorney's fees was not supported by competent material evidence. This Court pretermitted the issue based on a determination that it was not the province of the jury to determine reasonable attorney's fees under the Tennessee Consumer Protection Act. The case was remanded for the trial judge to determine the appropriate amount of attorney's fees to be awarded under T.C.A. § 47–18–109(e)(1). The judgment of the trial court was affirmed in all other respects. *Holmes v. Foster Pontiac GMC, Inc.,* 14 T.A.M. 25–3, 1989 WL 48515 (Tenn.App. 1989).

On remand the trial judge entered a final judgment dated July 10, 1991, which, as pertinent, stated:

Thias [sic] matter came on to be heard upon remand from the Court of Appeals for determination of attorney['s] fees by the [trial judge]; upon submission to the [trial judge] of the question of attorney['s] fees upon affidavits and written briefs by the stipulation of the parties; and from the entire record in this cause, from all of which it appears to the [c]ourt and the [c]ourt finds that:

Plaintiff is entitled to recover a reasonable attorney's fee in the amount of $25,000, plus $1,768.00 for legal expenses for preparation and presentation of her case.

Foster Pontiac subsequently filed for protection pursuant to Chapter 11 of the Bankruptcy Code. Unable to collect her judgment, Plaintiff made demand upon Defendant for payment of the judgment and accrued interest under the bond. Defendant paid $16,786.10 of its $39,000.00 bond pursuant to the damages affirmed by this Court in the initial appeal. Defendant, however, refused to pay the balance of the judgment, and Plaintiff filed a motion to enforce the appeal bond.

As pertinent, the appeal bond provided as follows:

Now, if the said appellant prosecute its said appeal with effect, or in case it fail therein, do pay and satisfy, abide by and perform the Judgment, order of decree of said Court of Appeals to be had therein, or of the Supreme Court, and all such costs as may be awarded against said appellant for wrongfully prosecuting said appeal, or in any event shall pay all costs which may at any time be adjudged against it in this cause, then this obligation to be void, otherwise to remain in full force and effect.

In denying Plaintiff's motion to enforce bond, the trial court found that Defendant had "performed its obligations [as surety] under the appeal bond and would not be liable for the judgment for attorney['s] fees awarded to [P]laintiff against [Foster Pontiac] in the cause after reversal of the original award and remand to the trial court."

On appeal Plaintiff presents the following issue for review:

Whether the trial court erred in determining that the appeal bond made by [Defendant] on behalf of [Foster Pontiac] did not cover the attorney's fees to be determined upon remand.

The resolution of this issue requires the proper construction of the above-quoted provision of the appeal bond. Relative thereto, the Supreme Court has stated:

The proper construction of a contractual document is not dependent on any name given to the instrument by the parties, or on any single provision of it, but upon the entire body of the contract and the legal effect of it as a whole. *Arbuckle v. Kirkpatrick*, 98 Tenn. 221, 39 S.W. 3 (1897).

. . . .

Although a bond is nonetheless a contract because it is required by a statute, statutory bonds are construed in the light of the statute creating the obligation secured and the purposes for which the bond is required, as disclosed in the statute. The statute which provides for the giving of a bond becomes a part of the bond and imports into the bond any conditions prescribed by the statute which are not in fact included in the bond as written. Although the obligor and his surety may assume a greater obligation than that required by the statute, it is presumed that the intention of the parties was to execute such a bond as the law required. *State ex rel. County Court of Pleasants County v. Anderson*, 140 W.Va. 827, 87 S.E.2d 249 (1955).

The obligations under a bond required by statute are to be measured by the particular statute requiring the bond, together with other applicable statutes.

*Giese v. Engelhardt*, N.D., 175 N.W.2d 578 (1970). And, if a statutory bond contains conditions that are not prescribed by the statute, such conditions may be eliminated as surplusage. *American Casualty Company v. Irvin*, 426 F.2d 647 (5th Cir.1970); *Stevens v. Farmers Elevator Mutual Ins. Co.*, 197 Kan. 74, 415 P.2d 236 (1966); *Monte Rico Mill and Mining Co. v. USF & G Co.*, 35 N.M. 616, 5 P.2d 195 (1930); *Western Casualty & Guaranty Ins. Co. v. Muskogee County*, 60 Okl. 140, 159 P. 655 (1916).

*Aetna Casualty & Surety Co. v. Woods*, 565 S.W.2d 861, 864–65 (Tenn.1978) (footnote omitted).

Although appeals bonds once were governed by statute in Tennessee (*see* T.C.A. § 27–6–109), T.R.C.P. 62 now governs the filing of bonds in order to obtain a stay of execution of the trial court's judgment. In that regard, T.R.C.P. 62.05 requires a party appealing from a money judgment to file a bond which "shall be conditioned to secure the payment of the judgment in full, interest, damages for delay, and costs on appeal." While the rule plainly requires that the bond secure the trial court's judgment plus interest, damages caused by any delay, and costs on appeal, the rule is silent as to any new judgment awarded by the trial court upon remand from the Court of Appeals.

In *Neeley v. Bankers Trust Co.*, 848 F.2d 658 (5th Cir.1988), the court was faced with the issue of whether a surety remained bound on a supersedeas bond after the court of appeals remanded for a new trial on damages. Containing language very similar to the bond at issue here, the bond in *Neeley* provided:

Appellants shall prosecute their appeal with effect; and in case the Judgment of the United States Court of Appeals or the United States Supreme Court shall be against them, they shall perform its judgment, sentence or decree, and pay all such damages as said Court may award against them.

*Neeley*, 848 F.2d at 659.

In *Neeley* the jury awarded the plaintiff over $2,000,000.00 on a breach of contract

claim, approximately $300,000.00 on a fraud claim, and $750,000.00 in punitive damages. The district court judge reduced the contract award to approximately $775,-000.00 and allowed the award of punitive damages to remain intact. The judge, however, disallowed the damages for fraud on the basis that such damages were duplicative of the damages on the breach of contract claim. A defendant appealed and filed a supersedeas bond of $1,830,475.00. The court of appeals reversed the award of damages for the plaintiff's breach of contract claim. Finding that the defendant was instead liable for fraud, the court also reversed the district court's dismissal of the fraud claim and remanded the case for a new trial on damages for fraud. Although the court determined that punitive damages were warranted, it vacated that award because the amount was based on damages awarded for the breach of contract claim and not for the fraud claim.

In construing the provisions of the bond, the court noted that, by its explicit terms, the bond was limited to performance of the judgment of the court of appeals and did not include any damages awarded on retrial. 848 F.2d at 659. As stated by the court,

> Here, there was no judgment, in terms of money damages, to enforce after the appeal. Instead, a new trial was necessary. The bond, limited by its explicit terms to the judgment of the court of appeals, was discharged.
>
> . . . .
>
> ... The retrial on damages results in an entirely new judgment. The bond is limited to any decree of the court of appeals; it does not include an entirely new judgment of the district court.

*Id.* at 659–60.

According to the court of appeals, the purpose of a supersedeas or appeals bond was to protect the appellee "from the inherent risks, such as subsequent insolvency of the appellant, associated with the delay in enforcement of the district court's judgment" during the appeals process. *Id.* at 660. The court reasoned that if an award of any monetary damages had been af-

firmed by the court of appeals in its judgment on the initial appeal, then the plaintiff would have been entitled to collect from the surety the amount affirmed. *Id.* See also *Aetna Casualty & Surety Co. v. LaSalle Pump & Supply Co.*, 804 F.2d 315 (5th Cir.1986).

Plaintiff urges this Court to adopt the reasoning employed in *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572 (Fed.Cir.1991). In *Beatrice*, the court of appeals affirmed in part the judgment of the district court. Finding that the district court abused its discretion in equating gross sales with damages from lost profits, however, the court of appeals vacated the damages award and remanded the case for the proper computation of damages. 930 F.2d at 1573.

The supersedeas bond in *Beatrice* provided as follows:

> NOW, THEREFORE, the condition of this obligation is such that if the Principal shall prosecute this appeal to effect and satisfy any judgment, penalty, and costs, including costs of this appeal as may be rendered in this case, then this obligation shall be null and void, otherwise to remain in full force and effect.

930 F.2d at 1574.

As Plaintiff points out, the "prosecute ... to effect" language contained in the above provision is very similar to the "prosecute ... with effect" language used in the bond at issue. Basing its holding on the interpretation of this language, the court determined that "when an appellant has merely succeeded in having the case remanded for recomputation of damages, it would be a stretch to say that the appeal was 'substantially' successful, or that the judgment was 'substantially' reversed." 930 F.2d at 1576 (citing *Crane v. Buckley*, 203 U.S. 441, 27 S.Ct. 56, 51 L.Ed. 260 (1906)). Plaintiff asks that we equate this Court's action of reversing the jury's award of attorney's fees and remanding for the trial judge to determine a reasonable fee with the *Beatrice* court's action of vacating the damages award and remanding for recomputation.

In *Crane v. Buckley*, 203 U.S. 441, 27 S.Ct. 56, 51 L.Ed. 260 (1906), a case relied upon by the *Beatrice* court, Crane instituted a foreclosure proceeding against Buckley. Buckley unsuccessfully defended on the grounds that the sale was procured by fraud. The trial court ordered Buckley to pay the unpaid portion of the purchase price, plus interest, taxes, and costs, prior to January 1, 1899, or face foreclosure. Buckley appealed and filed a supersedeas bond in the amount of $8,000, which provided:

> Now, the condition of the above obligation is such that if the said [Buckley] shall prosecute his appeal to effect, and shall answer all damages and costs that have been and shall be awarded against him, if he fails to make his appeal good, and if he shall answer all damages that shall accrue to the said respondent by reason of the value of the use and occupation of the land and premises from the time of said appeal until the delivery of possession thereof to said [Crane], and for all waste committed thereon, then the above obligation to be void, else to remain in full force and effect.

203 U.S. at 444, 27 S.Ct. at 57, 51 L.Ed. at 262.

The court of appeals affirmed the trial court's judgment. On petition to rehear, however, the court of appeals granted Buckley's request to extend the payment due date from January 1, 1899, to November 1, 1899, and modified the trial court's judgment accordingly. Crane subsequently brought an action upon the supersedeas bond for the value of the use and occupation of the land from January 1, 1899, to November 1, 1899.

The Court first noted the elementary rule that the obligation of sureties upon bonds shall be strictly construed and shall not be extended by implication. 203 U.S. at 447, 27 S.Ct. at 58, 51 L.Ed. at 263. In construing the phrase "prosecute his appeal to effect," the Court stated that the expression was "substantially equivalent to prosecuting his appeal with success; to make substantial and prevailing his attempt to reverse the decree or judgment awarded against him." *Id.* Noting that the period sued for was "the period for which the circuit court of appeals, upon the application for rehearing, modified the decree so far as to extend the right of Buckley, ... to remain in possession of the premises, postponing the foreclosure of his rights therein until the end of the period named in the extension," the Court held that Buckley had prosecuted his appeal to effect. 203 U.S. at 446, 27 S.Ct. at 57, 51 L.Ed. at 262.

 After careful consideration, we conclude that the approach taken by the *Neeley* court is consistent with the result reached by the Court in *Crane, supra,* and is the better one to be employed by this Court. Support for this approach is strengthened by the fact that we may presume the parties intended to execute a bond as required by T.R.C.P. 62.05, which does not require security for any damages that may be awarded upon remand. *See Aetna v. Woods*, 565 S.W.2d at 864.

Under *Neeley,* to the extent that the trial court's judgment is affirmed on appeal, the surety remains obligated for that amount. In addition, where the court of appeals modifies the award, the surety remains obligated for the modified amount. Where part of an award has been reversed and remanded to the trial court for the issue to be retried, however, the surety is not obligated on an entirely new judgment of the trial court. *Neeley,* 848 F.2d at 660. This rule is consistent with the result reached in *Crane, supra.* To the extent that Buckley was successful on appeal in extending the repayment period, the surety was not obligated for additional damages incurred during the extension. *Crane,* 203 U.S. at 448, 27 S.Ct. at 58, 51 L.Ed. at 263.

The record in this case reflects that Defendant, as surety, paid to Plaintiff the full amount of damages which were affirmed on appeal. Defendant has only disputed the new judgment for attorney's fees awarded by the trial court upon remand.

Accordingly, we hold that Defendant has met its obligation as surety for Foster Pontiac and affirm the trial court's order dismissing Defendant as surety. Costs on

this appeal are taxed to appellant for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.