INTERNATIONAL UNION OF ELEC-
TRONIC, ELECTRICAL, SALARIED,
MACHINE, AND FURNITURE WORK-
ERS, AFL–CIO, and its Affiliated Lo-
cals 165, 445, 450, 470 and 792 and Wil-
liam Powell, Elizabeth Balzano, Emil
Phil Martino, Peter F. Szczybek, John T.
McDaniel, Charles Zalewski, Robert
Kennedy and Alfred Eschwege, as indi-
viduals for and on behalf of those simi-
larly situated, Plaintiffs,

v.

UNISYS CORPORATION and the
Unisys Corporation Medical
Plan, Defendants.

LOCAL UNIONS 3 AND 1667 OF THE
INTERNATIONAL     BROTHERHOOD
OF ELECTRICAL WORKERS, AFL–
CIO, and Agnes Rahuba and Stephen J.
Roth, as individuals for and on behalf of
those similarly situated, Plaintiffs,

v.

UNISYS CORPORATION and the
Unisys Corporation Medical
Plan, Defendants.

Nos. 92–CV–5719 (JS), 93–CV–839 (JS).

United States District Court,
E.D. New York.

May 17, 1994.

James G. Mauro, Jr., Washington, DC, Lewis, Greenwald, Kennedy, Lewis, Clifton & Schwartz, P.C. by Everett E. Lewis, and Nicholas F. Lewis, New York City, Counts & Kanne, Chartered by David H. Potts–Dupre, Washington, DC, for plaintiffs.

Morgan, Lewis & Bockius by George A. Stohner and Christopher A. Parlo, New York City, for defendants.

Vladeck, Waldman, Elias & Engelhard, P.C. by James Wasserman, and Julian R. Birnbaum, New York City, for proposed intervenors.

## MEMORANDUM AND ORDER

SEYBERT, District Judge:

Pending before the Court is an application for leave to intervene that is brought on behalf of the plaintiffs in two other actions in which defendant Unisys Corporation has also been named as a defendant. In this application, the proposed intervenors request permission to file a motion to intervene in the instant consolidated action for purposes of vacating that portion of the Stipulation of Settlement that seeks, ultimately, to bar claims against a trust to be established for the administration of the settlement. According to the terms of a "Bar Notice" that has been mailed to approximately fifteen hundred people pursuant to the Stipulation of Settlement, the recipients thereof must file notices of appearance with the Court by May 20, 1994 in order to preserve their right to object at a fairness hearing, scheduled for June 3, 1994, to the establishment of certain settlement trust accounts.

For the reasons discussed herein, the proposed intervenors' application for leave to intervene is denied. Instead, the Court will permit the proposed intervenors to voice their concerns as *amicus curiae*. Further, because the Bar Notice appears to be part of a greater design that seeks ultimately to obtain a final adjudication with respect to persons who are unrepresented in the instant consolidated action, the Court vacates its prior approval of the Bar Notice. In all other respects, the Court leaves undisturbed its prior orders in the instant consolidated action.

## BACKGROUND

This is a consolidated action consisting of two separate class actions brought against defendants Unisys Corporation and The Unisys Corporation Medical Plan [hereinafter referred to jointly as "Unisys"] under the Labor Management Relations Act ("LMRA"), the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and the common law. The plaintiffs in these class actions assert claims on behalf of certain retirees of Unisys, and their surviving spouses and dependents who are eligible to receive retiree benefits. The plaintiffs allege that Unisys unlawfully changed the benefit coverage of certain retirees and their spouses and dependents, thereby requiring such persons to make additional contributions to ensure their continued receipt of medical benefits.

By Order dated March 11, 1994, the Court, pursuant to Rules 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, conditionally certified the settlement class, defining it in terms of nine separate subclasses. By this same Order, the Court also conditionally certified the named plaintiffs as class representatives and their counsel as class counsel.

On April 8, 1994 the Court issued two separate orders in connection with the parties' efforts to settle this consolidated class action. First, the Court preliminarily approved a Stipulation of Settlement and Dis-

missal ("Stipulation of Settlement") for the instant consolidated class action subject to the provisions of an accompanying preliminary order. Among other things, the Stipulation of Settlement provides for the creation of a trust to fund Unisys' obligations with respect to the retirees that comprise subclasses 7, 8 and 9. According to the Stipulation, Unisys' contributions to the trust are to be determined actuarially taking into account both the present value of estimated medical costs, and the present value of estimated retiree contributions under the medical plan. In addition, to address material variances that subsequently may arise between actual funding conditions and actuarial assumptions, the Stipulation provides for three separate "triggers" that are designed to reduce any overfunding, and to ensure that the level of retiree contributions do not exceed the level agreed upon by the parties.

On this same date, the Court entered an "Order Regarding Proposed Settlement of Class Action and Notice to Class" (the "Preliminary Order.") The Preliminary Order contains several provisions. Among other things, the Preliminary Order (i) reaffirmed the appropriateness of the Settlement Class and the subclasses as set forth in the Court's earlier Order Conditionally Granting Class Certification dated March 11, 1994, (ii) preliminarily approved the terms and conditions of the Stipulation of Settlement entered into between the parties, (iii) determined that the proposed notices to class members submitted by the parties met the requirements of Fed. R.Civ.P. 23 and due process, (iv) scheduled a fairness hearing for June 3, 1994, (v) established procedures whereby any settlement class member could appear at the hearing or otherwise object to the settlement, and (vi) enjoined all members of the Settlement Class from prosecuting, either individually or in a representative capacity, any claim or cause of action against Unisys with respect to matters embraced within the scope of the complaints to the consolidated actions.

Of greatest pertinence to the instant application, the Preliminary Order also approved a " 'Bar Notice' described in paragraphs 4 and 5 of the Stipulation [of Settlement], and attached to the Stipulation [of Settlement] as

Exhibit C." Preliminary Order ¶ 5. In addition, the Preliminary Order authorized the Settling Defendants, by April 15, 1994, to cause the Bar Notice to be mailed to such persons as mutually agreed upon by the parties. *See id.* ¶ 6.

The Bar Notice is addressed within at least three separate paragraphs of the Stipulation of Settlement. Paragraph 4 provides as follows:

> The Preliminary Order shall also provide for notice to persons other than Settlement Class Members to effectuate the establishment of the trust accounts for members of Subclasses 7, 8 and 9 to be used exclusively for such subclass members, and the Court's approval of the permanent bar, which is a material condition of this Stipulation, in substantially the form annexed hereto as Exhibit C.

Stipulation of Settlement ¶ 4, at 8. In addition, paragraph five of the same Stipulation provides:

> At or before the hearing set forth in the Preliminary Order, the Settling Plaintiffs and Settling Defendants will jointly submit to the Court a proposed Final Order (the "Final Order and Judgment"), which shall provide for ... (E) a permanent bar against all claims that could be asserted now or in the future against the Settling Defendants, Settling Plaintiffs, and Settling Class Members in regard to the monies credited by Unisys or which pertain to Unisys' action in crediting such monies to the trust accounts established by this Stipulation for the exclusive use and benefit of certain designated Settlement Class Members in Subclasses Nos. 7, 8 and 9.

Stipulation of Settlement ¶ 5, at 8–10. Finally, paragraph nine, entitled "Notice and Approval of Bar of Claims," provides:

> Subclasses Nos. 7, 8 and 9 are the only Subclasses for which trust fund accounts are being established to provide security for the benefits of members of those Subclasses. The money to fund these accounts may be transferred from the assets of the Harris Trust. It is understood that persons other than the Settlement Class Members in Subclasses Nos. 7, 8 and 9 may claim that they are entitled to the

monies transferred into these accounts. Accordingly, notice of the applicable provisions of this Stipulation regarding the establishment of the settlement trust accounts and this bar of claims shall be given to all such persons as shall be identified by the parties. Mutual agreement upon the terms of such notice, and the process for its distribution, is a material condition of this Stipulation. *Further, the Court's final approval of this Stipulation and issuance of a Final Order and Judgment establishing this requisite bar of claims are material conditions of this Stipulation.*

Stipulation of Settlement ¶ 9, at 40 (emphasis added).

A copy of the Bar Notice was attached as Exhibit C to the Stipulation of Settlement. Entitled "NOTICE OF SETTLEMENT AND PROPOSED ESTABLISHMENT OF A BAR AGAINST CERTAIN CLAIMS," the Bar Notice initially declares that its purpose is to advise persons receiving it of "(1) [a] proposed settlement with Unisys Corporation in the [instant consolidated action]; (2) [t]he establishment, pursuant to the terms of [the] settlement, of two settlement trust accounts to provide security for the retiree medical benefits of members of certain subclasses in the proposed settlement; and (3) [t]he proposed establishment of a bar against claims, by any individuals, to the funds set aside in the settlement trust accounts for the exclusive use and benefit of certain class members." Stipulation of Settlement, Ex. C at 2. Upon describing the instant consolidated actions, the Bar Notice further provides that "[p]ursuant to the settlement, two new trust accounts will be established in the existing Unisys Employee Welfare Benefit Trust (the "Harris Trust") to partially secure the retiree medical insurance benefits for three of the settlement subclasses, Subclass Nos. 7, 8 and 9, which encompass retirees from Unisys' Great Neck, New York facility." *Id.* at 4. The document then describes the composition of these three subclasses, the level of contributions required for members of each, and Unisys' funding obligations in connection therewith. *See id.* at 4–6.

The remainder of the Bar Notice addresses its intended effect upon the persons receiving it:

It is the intention of the Settling Plaintiffs, the Settling Defendants, and their counsel, that, if Unisys funds the settlement trust accounts from existing monies in the Harris Trust, there will be no dispute over the propriety of such action and there will be no further litigation with respect to any such action. *Toward that end, the settlement provides for the establishment of a bar of claims which, if approved by the Court by entry of a final court order, will prevent individuals from challenging the establishment of the settlement trust accounts and/or the method used to fund them.* (Emphasis added).

Individuals in the Settlement Class have been informed of the terms of the settlement, including this proposed bar, through a notice approved by the Court. While you are not a member of the Settlement Class or a party to this action, you are receiving notice in case you should have any objection to the use of such monies to fund the settlement trust accounts discussed above or to the establishment of a bar. In order to preserve any such objection you must comply with the procedures set forth below. . . .

Pursuant to this Court's Order Regarding Proposed Settlement of Class Action and Notice to Class, dated April 8, 1994 (the "Preliminary Order"), a hearing is scheduled to be held before the Court on June 3, 1994 at 10:00 A.M., in Room 12, of the United States Courthouse for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, for the purpose of determining whether the proposed settlement of claims asserted against the Settling Defendants, as set forth in a Stipulation of Settlement and Dismissal dated April 7, 1994 (the "Stipulation"), is fair, reasonable and adequate, and should be approved by the Court.

You may appear at the hearing, in person or by counsel, to show cause, if there be any, why the specific terms and conditions of the settlement concerning the use

of such monies to fund the settlement trust accounts, as set forth above, should not be approved by the Court, *provided,* however, that you will not be permitted to be heard at the hearing, and no papers or briefs submitted by you shall be accepted or considered by the Court, unless, at least fourteen (14) days before the hearing, you have filed with the Clerk of this Court, at the United States District Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, (1) a Notice of Appearance, indicating your intention to appear and object, (2) a statement setting forth your objection, stating the reasons for such objection and including any supporting documentation, and (3) proof of service showing that the Notice of Appearance and accompanying statement, together with copies of any other papers or briefs which you have filed with the Court, were at least fourteen (14) days before the hearing, served, either in person or by first-class mail, upon [Class Counsel and Counsel for Unisys]. (Emphasis in original).

You may object in writing without appearing at the aforementioned hearing, and show cause, if there be any, why the terms and conditions of the settlement concerning the use of such monies to fund the settlement trust accounts, as set forth above, should not be approved by the Court, *provided* that no papers or briefs submitted by you shall be accepted or considered by the Court unless, at least fourteen (14) days before the hearing, you have filed with the Clerk of this Court (1) a statement setting forth your objections, stating the reasons for such objection and including any supporting documentation, and (2) proof of service showing that copies of the statement, together with copies of any other papers or briefs you have filed with the Court, were served either in person or by first-class mail upon all counsel identified in the foregoing paragraph. (Emphasis in original).

If you fail to follow the procedures set forth above, you will (1) be deemed to have waived any objection concerning the use of such monies to fund the settlement trust accounts as set forth above, (2) not be permitted to appear at the hearing and (3) not have any papers or briefs submitted by you to the Court accepted or considered.

If you do not have any objection to the use of such monies to fund the settlement trust accounts, or to the establishment of a bar against future claims challenging the establishment of the settlement trust accounts and/or the methods used to fund them, you need not appear at the hearing, file any papers, or do anything else in response to this notice. (Emphasis in original omitted).

If you have any questions with respect to this Notice, you may write to counsel identified above.

Please do not direct questions to the Court or to the Clerks's office. (Emphasis in original omitted).

Dated: April 12, 1994

Robert C. Heinemann (name stamped)

Clerk of the Court

United States District Court

Eastern District of New York

*Id.* at 6–10.

Thus, to recapitulate, the Bar Notice serves three distinct purposes. First, it informs the persons receiving it of the proposed settlement with Unisys Corporation. Second, it informs such persons of the establishment, pursuant to the Stipulation of Settlement, of two settlement trust accounts for the members of subclasses 7, 8 and 9. Last, it informs persons, who are neither parties to the action nor members of a settlement class, of the parties' intention to obtain a judgment that would extinguish their claims with respect to the establishment of the settlement trust accounts and the methods used to fund them. Further to this point, the Bar Notice confers standing upon persons who are not represented in this action, subject to certain procedures, to object to the proposed settlement by appearance before the Court.

On April 28, 1994 the Court received a letter from James Wasserman, Esq. of the law firm of Vladeck, Waldman, Elias, & Engelhard, P.C. In this letter, Mr. Wasserman requested permission to file a motion to permit certain current and prospective Local 444 retirees to intervene in the instant consoli-

dated action for purposes of moving to vacate the Stipulation of Settlement. Mr. Wasserman asserts that his law firm represents the plaintiffs in two separate actions brought against Unisys that are assigned to this Court: *Engineers Union Local 444, IUE and Paul Walter v. Unisys Corporation*, 92–CV–5389 (the "*Local 444* action"), and *Zylla et al. v. Unisys*, 94–CV–1965 (the "*Zylla* action"). The first of these actions is presently in arbitration. Mr. Wasserman contends that the Stipulation of Settlement seeks to violate the due process rights of in excess of 1,000 current and prospective Local 444 retirees because it would bar individuals who are not class members from asserting claims, even though these individuals are not parties to the instant consolidated action and are not represented by the named plaintiffs.[1] Mr. Wasserman further asserts that the Bar Notice seeks to "sanitize" Unisys' improper apportionment of monies through its alleged failure to allocate, through the settlement, sufficient funds to provide medical benefits for current and prospective Local 444 retirees. This position was amplified by a subsequent letter to the Court dated May 6, 1994 in which Mr. Wasserman expressed concern that a pending motion, filed by Unisys, to certify conditionally additional subclasses in the instant consolidated class action would constitute an end run around a stipulation of arbitration in the *Local 444* action, of which Unisys is a party.

Each of these concerns was further voiced by Mr. Wasserman, and responded to by counsel for Unisys and Class Counsel, on May 10, 1994 at oral argument. While Mr. Wasserman argued that intervention is necessary to protect the due process rights of those he represents, counsel for Unisys and Class Counsel questioned whom Mr. Wasserman represents insofar as class certification apparently has not been sought in the *Local 444* action. Counsel for the settling parties further argued that Mr. Wasserman's law firm has been aware that the Bar Notice might issue since October 1993 when settlement discussions for the three then-pending Unisys actions, including the *Local 444* action, were held before the Honorable Reena Raggi, United States District Judge for the Eastern District of New York. Thus, counsel for the settling parties assert that Mr. Wasserman's application for leave to intervene is untimely, and warrants denial under both Fed.R.Civ.P. 24(a)[2] and 24(b)[3] in light of its prejudicial effect upon the settling parties who already have executed a Stipulation of Settlement.

Finally, by letter dated May 12, 1994, Mr. Wasserman clarified his position to condition his application for leave to intervene upon the Court's rescision of the Bar Notice.[4]

---

1. At oral argument Mr. Wasserman estimated that the Bar Notice has been received by approximately 1,500 current and retired employees who at one time have been affiliated with Local 444. Tr. at 8 (May 10, 1994).

2. Fed.R.Civ.P. 24(a), entitled "Intervention of Right," provides in pertinent part:

    Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

3. Fed.R.Civ.P. 24(b), entitled "Permissive Intervention," provides in pertinent part:

    Upon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

4. Mr. Wasserman's letter dated May 12, 1994 provides in pertinent part:

    As the bar notice to the Local 444 retirees and bargaining unit employees is unlawful and, by Unisys's own admission, serves no purpose, there is no reason not to rescind it. We therefore request that the Court modify its conditional approval of the "Stipulation of Settlement and Dismissal" to the extent necessary to rescind the provisions permitting a bar notice to be sent to this group. In the alternative, we request that the court grant leave to intervene, subject to the condition that in the event the parties rescind the bar notice to this group, such leave will be denied. The fairness hearing will, in that event, not be delayed, as long as the settling parties agree to rescind the bar notice, which they concede serves no purpose and is unlawful.

    Letter of James Wasserman, Esq. dated May 12, 1994, at 8 (footnote omitted).

## DISCUSSION

█ At the outset, the Court notes that the Bar Notice, standing by itself, is not unlawful. Its substantive effect is merely to confer standing to appear at the June 3, 1994 fairness hearing upon persons who comply with the procedures specified therein. It abrogates no rights and ostensibly prejudices no one. Furthermore, it may be argued that the Bar Notice serves an informative function insofar as it disseminates information of a proposed settlement in two related class actions involving Unisys.

█ Nevertheless, a confluence of circumstances leads the Court to reexamine the propriety of the Bar Notice and the concomitant burden that it places upon its recipients to file with the Court by May 20, 1994 a notice of appearance, a statement setting forth objections, and a proof of service upon Class Counsel and counsel for Unisys. First, the Bar Notice is not a private document. Rather, it bears the endorsement of the Clerk of the Court. Second, its issuance was approved pursuant to the Court's Preliminary Order dated April 8, 1994. *See* Preliminary Order ¶ 5. As to this matter, it is axiomatic that a federal district court, under Rule 23 of the Federal Rules of Civil Procedure, has the power to vacate its prior order in a class-action suit if it determines such to be appropriate. *See* Fed.R.Civ.P. 23(d) (The court's orders "may be altered or amended as may be desirable from time to time."); 7B Charles A. Wright et al., Federal Practice and Procedure § 1791, at 287–88 (1986) ("[T]he protection of absentees is one of the basic objectives of [Rule 23(d) ].").

█ Although the Bar Notice, standing by itself, is not unlawful, its object is contrary to the law of the Second Circuit. While its immediate consequence is to confer standing to object to the settlement upon persons who otherwise *might* lack standing because they are neither parties nor class members in the instant consolidated action, *see Gould v. Alleco, Inc.,* 883 F.2d 281, 284 (4th Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990); *but see Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.,* 782 F.Supp. 870, 874–75 (S.D.N.Y.1991) (distinguishing *Gould* on the basis that the proposed intervenors had a sufficiently protectable interest in the proceeds of a bond and no other party could adequately protect that interest), it is clear to the Court that the Bar Notice is part of a greater design to obtain a binding final order and judgment that, as a matter of res judicata, would purport to extinguish the right of unrepresented persons to challenge the establishment of the settlement trust accounts and the methods used to fund them. Under the law of the Second Circuit such object can not be permitted.

█ Under *National Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9 (2d Cir.1981), a federal district court is required to take such steps as are necessary to prevent a judgment, pursuant to the settlement of a class-action suit, from releasing the claims of unrepresented persons. In *National Super Spuds,* a consolidated class action was instituted on behalf of the named plaintiffs and all other persons who had liquidated their positions in certain potato futures contracts between April 13, 1976 and May 7, 1976. *See id.* at 11. The formal stipulation of settlement provided for a release of claims that would bar members of the settling class from bringing not only claims based on liquidated contracts, but also claims based on contracts that were unliquidated as of May 7, 1976. *See id.* at 13–14. A class member who held both liquidated and unliquidated positions in the potato futures contracts, and who had instituted a separate state-court action with respect to the unliquidated positions, objected to the settlement upon learning that the proposed judgment also sought to bar claims arising in connection with the unliquidated contracts. The class member contended that his claims with respect to the unliquidated contracts were separate and distinct from the claims arising in connection with the liquidated contracts, and therefore were not adequately represented by the class. *See id.* at 15. Notwithstanding this objection, the district court approved the settlement as otherwise fair to the settling classes, and refused to consider whether the release would in fact bar the objector's state-court action with respect to the unliquidated contracts. *See id.* at 16.

The Second Circuit reversed the district court's order approving the settlement, thereby vacating the entire settlement. In developing its analysis, the Second Circuit first noted that a federal court should decide for itself whether a proposed release of claims pursuant to a settlement is unenforceable because it bars claims of persons that are not within the description of the class. *See id.* Upon observing that "[t]he most fundamental principles underlying class actions limit the powers of the representative parties to the claims they possess in common with other members of the class," *id.,* the panel concluded that "[h]aving received authority to represent class members solely with respect to liquidated contracts, plaintiffs had no power to release any claims based on any other contracts." *Id.* at 18.

The Second Circuit further commented on the relationship between the pleadings and the res judicata effect of a judgment. The panel found that "[t]he protection afforded the defendants by the judgment rests on its res judicata effect and is, therefore, limited to the claims alleged in the pleadings." *Id.* (internal quotations omitted). Thus, the parties to a settlement have no power to release claims with respect to persons that they do not represent. *See id.* at 19. Moreover, "[an] advantage to the class, no matter how great, simply cannot be bought by the uncompensated sacrifice of [persons], whether few or many, which were not within the description of claims assertable by the class." *Id.*

*National Super Spuds* thus stands for the proposition that a federal district court may not approve a class-action settlement that seeks to release claims that are inadequately represented by the named plaintiffs. *See Dunlop v. Pan Am. World Airways, Inc.,* 672 F.2d 1044, 1050 (2d Cir.1982) ("[A] Federal court is obligated to clarify a federal settlement order whose language might be held improperly to bar unlitigated ... claims.");

*Ashe v. Board of Elections,* 124 F.R.D. 45, 49 (E.D.N.Y.1989) (Adequacy of representation depends ultimately upon common questions of law and fact.). While the objecting party in *National Super Spuds* was a class member whose claims against the settling defendant were broader in scope than the claims asserted in the plaintiffs' amended complaint, it seems that an even stronger argument for a finding of inadequate representation is presented where the judgment purports to bar claims of persons who are not class members.

In light of the clear imprimatur of the Second Circuit, the Court concludes that the confluence of circumstances weighs in favor of relieving the recipients of the Bar Notice of the burden of filing notices of appearance with the Court to contest an uncompensated abrogation of their rights that the Court, in its fiduciary role, would never approve. *See In re McDonnell Douglas Equip. Leasing Sec. Litig.,* 838 F.Supp. 729, 737 (S.D.N.Y. 1993) (Court has a fiduciary responsibility to ensure adequate representation in evaluating a proposed settlement of a class-action suit.). Therefore, the Court vacates that portion of its Preliminary Order dated April 8, 1994 that approved the Bar Notice and authorized its mailing.[5]

The Court wishes to emphasize at this time that its Preliminary Order dated April 8, 1994 remains undisturbed to the extent that it does not impact upon persons who are unrepresented in the instant consolidated action. Counsel for the settling parties, however, is admonished that the Court will not approve any proposed final settlement that seeks a final adjudication of rights with respect to persons who are unrepresented in the instant consolidated action.

■ Finally, the Court notes Mr. Wasserman's offer, as expressed in his letter to the Court dated May 12, 1994, to condition his application for leave to intervene upon the

---

5. It seems to the Court that if the parties to the instant consolidated action wish to obtain a final adjudication of their rights vis-a-vis other persons with respect to the settlement trust accounts, they may do so, under the Federal Rules of Civil Procedure, by bringing a declaratory judgment action, certifying a defendant class, and thereafter moving for summary judgment.

*See e.g., In re Braniff Airways, Inc.,* 22 B.R. 1005, 1006, 1008 (Bankr.N.D.Tex.1982) (defendant classes certified in declaratory judgment action). Alternatively, an interpleader action may be available. The presence of these procedural mechanisms within the Federal Rules heightens the Court's resolve that the Bar Notice should be vitiated.

Court's rescission of the Bar Notice. Given that the Court has vacated the Bar Notice, the application for leave to intervene accordingly is denied. Nevertheless, the Court grants Mr. Wasserman *amicus curiae* status in the instant consolidated action, and directs counsel for each of the settling parties in the instant consolidated action to serve upon him a copy of all prospective correspondences to the Court until such time that the Court directs otherwise.

## CONCLUSION

The proposed intervenors' application for leave to intervene is denied. Instead, the Court will permit the proposed intervenors to voice their concerns as *amicus curiae,* and counsel for each of the parties to the instant consolidated action is instructed to serve a copy of all prospective correspondences to the Court upon Mr. Wasserman until such time that the Court directs otherwise. Further, the Court vacates its prior approval of the Bar Notice as set forth within its Preliminary Order dated April 8, 1994. In all other respects, the Court's prior orders in the instant consolidated action shall remain undisturbed.

SO ORDERED.