## In re TRIBUNE COMPANY FRAUD-ULENT CONVEYANCE LITIGA-TION.

Nos. 11 MD 2296(RJS), 12 MC 2296(RJS).

United States District Court,
S.D. New York.

May 14, 2013.

Abraham J. Rein, Peter D. Hardy, Ronald H. Levine, Post & Shell, P.C., Jeffery Alan Dailey, Sr., Akin Gump Strauss Hauer & Feld LLP, Philadelphia, PA, Alan S. Townsend, Gregory Forrest Hahn, Kevin Michael Quinn, Paul D. Vink, Bose McKinney & Evans, LLP, Andrea L. Cohen, Mark Kevin Sullivan, Mark K. Sullivan & Associates P.C., Indianapolis, IN, Alfredo J. Marquez–Sterling, Arnstein & Lehr, Daniel Gielchinsky, Philip Rogers Stein, Scott Louis Baena, Bilzin Sumberg Baena Price & Axelrod, Miami, FL, Amy Christine Brown, Hal Neier, Jeffrey Carl Fourmaux, Robert Joel Lack, Timothy Michael Haggerty, Friedman Kaplan Seiler & Adelman LLP, Angeline Lam Koo, Daniel H. Golden, Deborah Jill Newman, James Philip Chou, Jason Lurie Goldsmith, Matthew Heston Farmer, Mitchell Patrick Hurley, Natalie Lesser, Stephen Michael Baldini, Sunish Gulati, David Mitchell Zensky, Akin, Gump, Strauss, Hauer & Feld, L.L.P., David S. Rosner, Paul J. Burgo, Sheron Korpus, Kasowitz, Benson, Torres & Friedman, L.L.P., Gary Von Stange, Wormser, Kiely, Galef & Jacobs LLP, Katherine Scully, Akin Gump Hauer & Feld LLP, Matthew B. Stein, New York, NY, Andrew Dieter Cordo, Frederick Troupe Mickler, IV, Philip Trainer, Jr., Ashby & Geddes, David B. Anthony, John G. Harris, Berger Harris, LLC Wilmington, DE, Andrew W. Erlandson, Gesina M. Seiler, Lori Marie Lubinsky, Axley Brynelson, LLP, Stephen Hurley, Hurley, Burish and Stanton S.C., Madison, WI, Andrew T. Imbriglio, Donna Marie Brewer, Douglas K. Mansfield, John T. Morrier, Casner & Edwards, LLP, Boston, MA, Anthony H. Lowenberg, Hamilton Philip Lindley, Jeffrey M. Goldfarb, Goldfarb Branham LLP, Keefe M. Bernstein, Michelle A. Reed, Akin Gump Strauss Hauer & Feld, Dallas, TX, Anthony Tobias Pierce, Jonah Eric McCarthy, Akin, Gump, Strauss, Hauer & Feld, LLP, Ziad P. Haddad, Tobin Oconnor and Ewing, Washington, DC, Ashley E. Zitrin, Emily Elizabeth De Ayora, Kasowitz

Benson et al, Brendan Dolan, Kasowitz, Benson, Torres & Friedman LLP, Reginald David Steer, Akin Gump Strauss Hauer & Feld LLP, San Francisco, CA, Brian W. Bisignani, Duane Morris, LLP, Harrisburg, PA, Bryan L. LeClerc, Richard J. Buturla, Robert L. Berchem, Berchem, Moses & Devlin, P.C., Milford, CT, Charles Coster Ashdown, John Michael Levy, Nicolas Dylan Wayne, Richard Stuart Wayne, Strauss & Troy, LPA, Mark Alan Vanderlaan, Cincinnati, OH, Christopher David Liguori, John Matthew Fitzgerald, Karina Zabicki Dehayes, Tabet Divito & Rothstein, LLC, Chicago, IL, Christopher Tobin Dale A. Danneman, Jason M. Porter, Lewis & Roca LLP, Matthew K. Lavelle, Michael Joseph Lavelle, Lavelle & Lavelle PLC, Phoenix, AZ, Daniel M. Scott, Kevin Matthew Magnuson, Kelley, Wolter & Scott, P.A., Minneapolis, MN, Julia Ingrid Debeers, Akin Gump Strauss Hauer and Feld, Los Angeles, CA, Kenneth Fisher Rossman, IV, Renee Andrenne Carmody, Rothberger Johnson & Lyons LLP, Denver, CO, Mark Raymond Kutny, Hamilton Moon Stephens Steele & Martin PLLC, Charlotte, NC, Neal D. Jacobs, Mason, OH, Nora C. Von Stange, Esq., Von Stange Law, PLC, Burlington, VT, Paul Howard Schwartz, Shoemaker Ghiselli & Schawartz LLC, Boulder, CO, Ricardo Solano, Jr., Friedman Kaplan Seiler & Adelman LLP, Newark, NJ, Robert D. Stewart, Kipling Law Group PLLC, Seattle, WA, for Plaintiffs.

## ORDER

RICHARD J. SULLIVAN, District Judge:

On November 13, 2012, the Tendering PHONES Holders ("Movants") sought leave from Judge Pauley, to whom this case was previously assigned, to file a motion to intervene as Plaintiffs in the Note Holders Actions, which are part of this multidistrict litigation ("MDL").[1] On January 29, 2013, the Tendering PHONES Holders filed the instant motion (Doc. No. 80). The Defendants' Executive Committee ("Defendants") filed a memorandum in opposition to the motion on February 15, 2013 (Doc. No. 96),

and on February 22, Movants replied (Doc. No. 97) and submitted an affidavit as to the factual context of their motion (Aff. of Mark Holliday in Supp. of the Mot. of Certain "Tendering PHONES Holders" to Intervene as Pls., dated Feb. 22, 2013, Doc. No. 95 ("Holliday Affidavit")). For the reasons set forth below, the motion is GRANTED.

### I. BACKGROUND

Defendants do not offer their own factual narrative of the events that precipitated this motion, and they have not taken issue with the facts set forth in Movants' memorandum or the Holliday Affidavit. The following facts are therefore undisputed. Movants purchased notes from the now-defunct Tribune Company ("Tribune") in 2007, and shortly before Tribune filed for bankruptcy in 2008, Movants attempted to tender their notes in exchange for the notes' cash value. (Holliday Affidavit ¶ 3.) Tribune did not agree to or in any way consummate the attempted exchange. (*Id.*)

After this tender failed, and after Tribune commenced Chapter 11 bankruptcy proceedings, Wilmington Trust Company ("WTC") commenced a non-bankruptcy action—which is now part of this MDL—on behalf of multiple Tribune note holders, including Movants. (*Id.* ¶ 1.) Meanwhile, in the bankruptcy proceeding, Tribune and WTC disputed whether Movants were still note holders for purposes of calculating their claims against the bankruptcy estate. (*Id.* ¶ 5.) On April 9, 2012, the Bankruptcy Court concluded that Movants were not eligible to receive the full principal value of their notes because they had tried to exchange the notes for cash, effectively stripping them of their status as note holders. (*Id.* ¶ 9.) On July 13, 2012, the Bankruptcy Court confirmed its opinion but cautioned that it did not "make any determination on the effect of [its] decision upon the Court in the MDL . . . ." (*Id.* ¶ 11.)

Nevertheless, based on the Bankruptcy Court's ruling, sometime after July 13, 2012, WTC concluded that it no longer represented Movants in this MDL. (*Id.* ¶ 13.) Movants,

---

1. The capitalized terms herein refer to terms defined in the Court's Master Case Order Nos. 1, 2, and 3. Unless otherwise, noted, all citations to docket entries refer to the docket sheet for 12–mc–2296.

of course, disagree with WTC's conclusion, and according to their Affidavit, Movants engaged in good faith discussions to resolve the representational dispute with WTC until it became apparent that the two entities had reached an impasse in late October 2012. (*Id.* ¶ 14.) In any event, now, in order to ensure that they are not left out of this litigation, Movants seek to intervene as Plaintiffs in their own right.[2]

## II. DISCUSSION

■ Federal Rule of Civil Procedure 24(a)(2) provides that a party may intervene as of right if it claims "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To satisfy this standard, "an intervener must show that: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party." *Restor–A–Dent Dental Labs., Inc. v. Cert'd Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir.1984). It is undisputed that Movants claim an interest in the property at the center of the fraudulent conveyance actions—indeed, they insist they have been parties all along—and it follows that the protection of their interest would be impaired if the purportedly fraudulent conveyances were avoided in the interest of other note holders but not Movants. And of course, the impetus behind the instant motion is Movants' concern that they may not be adequately represented by WTC. Therefore, the sole remaining question—and the only issue disputed by Defendants—is the timeliness of the motion.

■ "Timeliness defies precise definition, although it certainly is not confined strictly to chronology." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994). Beyond chronology, a court should consider: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Id.* In weighing these factors, the Court is mindful that Rule 24 "provides the flexibility necessary to cover the multitude of possible intervention situations ... [and that] common sense demands that consideration ... be given to matters that shape a particular action or particular type of action." *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir.1984) (internal quotations and citations omitted). With regard to the first factor, although Movants had notice of their interest long before they filed the instant motion, they were not aware that WTC would refuse to represent them until July 2012, and given the complexity of this action and the related bankruptcy action, Movants cannot have been expected to anticipate WTC's decision. In any event, as soon as WTC informed Movants of its decision, Movants engaged in good faith discussions and initiated this motion when those discussions failed. Accordingly, Movants cannot be said to have slept on their rights. As for prejudice, Movants would clearly be prejudiced if they are excluded from pursuing their alleged interest in any proceeds recouped from avoided transactions. Conversely, Defendants are hard-pressed to show that they would suffer prejudice from intervention. The claims filed by WTC and the other indenture trustees put all Defendants on notice of the various note holders' interests, including Movants' interest. Moreover, any putative prejudice to Defendants is further undermined by the fact that Movants seek only to adopt the claims in the complaint filed by WTC—that is, to reiterate in their own right the claims that Movants in-

---

**2.** Notably, Defendants' memorandum makes no reference to the 2012 decision and confirmation of the Bankruptcy Court or WTC's subsequent determination that it no longer represented Movants. As a result, Defendants fail to address the principal rationale for Movants' intervention motion—that the decision of the Bankruptcy Court unexpectedly stripped them of representation and that this Court has not yet had an opportunity to weigh the preclusive effect of that ruling.

42

sist WTC has made on their behalf all along—which is both efficient and permissible. *See, e.g., Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.,* 782 F.Supp. 870, 874 (S.D.N.Y.1991) (concluding that an intervening party satisfied Rule 24(c) by submitting "affidavits and briefs which set forth sufficient facts and allegations to give all parties notice of its claims").[3] Thus, the Court finds that the motion is timely, and that Movants have satisfied the relevant requirements for intervention under Rule 24(a)(2).

### III. CONCLUSION

For the reasons set forth above, the motion to intervene *nunc pro tunc* to the filing date of WTC's action is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 2253 of the docket sheet for 11–md–2296 and at Doc. No. 80 of the docket sheet for 12–mc–2296.

SO ORDERED.

**3.** In *Abramson v. Pennwood Inv. Corp.,* which neither party cites, the Second Circuit affirmed the district court's denial of a motion to intervene that failed to append a pleading with the motion papers and only referred in the motion papers to the allegations of the original complaint. 392 F.2d 759, 761–62 (2d Cir.1968). However, this case can be distinguish from *Abramson* both in terms of its unique "shape," *Hooker Chemicals,* 749 F.2d at 983, and in terms of the documentation provided by Movants, who filed not only their brief, but also a reply and an affidavit of fact that explains their position in relation to the complaint that they wish to adopt. Although the Second Circuit has not revisited this issue since *Abramson,* the bulk of circuit courts "have taken a lenient approach to the requirements of Rule 24(c)," *Providence Baptist Church v. Hillandale Committee, Ltd.,* 425 F.3d 309, 314 (6th Cir.2005), which aligns with more recent Second Circuit decisions interpreting Rule 24, *see Hooker Chemicals,* 749 F.2d at 983.