IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## THE MIRAGE CASINO-HOTEL v. J. ROGER PEARSALL

**An Appeal from the Circuit Court for Shelby County**
**No. 74546 T.D.;  The Honorable Kay S. Robilio, Judge**

---

**No. W1999-01543-COA-R3-CV - Decided May 11, 2000**

---

This is a debt collection case based upon a Nevada judgment which was enrolled in Tennessee. After this court affirmed the trial court's decision to recognize and enroll the foreign judgment, the trial court released the appeal bond to the Plaintiff in partial satisfaction of the judgment.  The Plaintiff then filed a garnishment in order to collect the remaining amount due.  The Defendant filed a motion seeking to quash the garnishment claiming that his obligation to the Plaintiff had been satisfied.  The Shelby County Circuit Court denied the motion, and the Defendant has appealed.

**Tenn.R.App. 3; Appeal as of right; Judgment of the Circuit Court Affirmed.**

HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

  Keith V. Moore, Memphis, and Steven R. Walker, Memphis, for Appellant, J. Roger Pearsall

   Ben G. Sissman and Deborah A. Brandon, FRIEDMAN, SISSMAN AND HEATON, P.C., Memphis, for Appellee, The Mirage Casino-Hotel

### OPINION

        In this debt collection case, J. Roger Pearsall appeals from the decision of the Shelby County Circuit Court, which denied his motion to quash a garnishment.  For the reasons stated herein, we affirm the trial court decision.

### I. Facts and Procedural History

        This is a debt collection case which originated in the District Court of Clark County, Nevada. On September 19, 1995, the Nevada court rendered a default judgment against J. Roger Pearsall ("Appellant") for non-payment of eight separate negotiable instruments executed by him and made payable to the Mirage Casino-Hotel ("Mirage" or "Appellee").  The judgment was rendered in the amount of one hundred thousand dollars ($100,000.00) with interest thereon at the contract rate of eighteen percent (18%) per annum from August 13, 1994.  The judgment also provided for fifteen

thousand dollars ($15,000.00) in attorney's fees and court costs of one hundred and seventy-eight dollars ($178.00).

On May 10, 1996, the Shelby County Circuit Court entered an "Order Granting Motion to Enroll Foreign Decree," which enrolled the aforementioned Nevada judgment in Tennessee. Pearsall appealed from the Order Granting Motion to Enroll Foreign Decree, arguing that the Nevada judgment violated the public policy of Tennessee and was, therefore, not entitled to full faith and credit in the State of Tennessee. On June 14, 1996, the trial court granted a stay of execution upon Pearsall's posting of an appeal bond in the amount of twenty thousand dollars ($20,000.00). The Mirage filed a motion pursuant to Rule 7 of the Tennessee Rules of Appellate Procedure asking this court to review the trial court order which fixed the appeal bond at $20,000.00.[1] This court subsequently entered an order which required Pearsall to post a bond in an amount equal to the judgment plus one year's interest at the rate of ten percent (10%).

After this court affirmed the trial court's decision to give full faith and credit to the Nevada judgment, the trial court entered an order which released the appeal bond, in the amount of $126,500.00, toward satisfaction of the judgment. The Mirage subsequently filed a garnishment in order to collect the balance of the judgment due. In response, Pearsall filed a Motion to Quash Garnishment, asserting that the October 10, 1996 order of this court fixing the appeal bond set forth his full obligation. In essence, the Appellant argued that the trial court had reduced the Nevada judgment to a Tennessee judgment, and the order fixing the appeal bond altered or modified the Nevada judgment such that his obligation was completely satisfied upon release of the appeal bond.[2] The trial court denied Pearsall's motion, finding that the order fixing the appeal bond did not alter or modify the total amount owed pursuant to the Nevada judgment. It is from this decision that the present appeal arises.

## II. Law and Analysis

The Appellant's argument in the present case stems from language found in the May 10, 1996 order of the trial court which enrolled the Nevada judgment in Tennessee. The pertinent language states:

> [I]t is ordered that plaintiff's Motion to Enroll Foreign Judgment be granted, and that the foreign decree entered by the District Court of Clark County, Nevada, on September 19, 1995, docket number A346829, in the amount of $115,178.00, plus post-judgment interest is hereby enrolled and reduced to judgment.

---

[1] Apparently, the Mirage was dissatisfied with the amount of the appeal bond in light of the fact the total judgment was well over $100,000.

[2] The difference between the Nevada judgment and the amount of the appeal bond is found in the amount of interest allowed by each order.

(emphasis added). The Appellant contends that this order constitutes a "judgment within a judgment." According to this argument, since the above quoted language does not specifically provide for the 18% interest stated in the Nevada decree, the order did not enroll the foreign judgment, but rather substituted a separate and different Tennessee judgment. His argument then relies upon the fact that this court's order fixing the amount of the appeal bond only provided for 10% interest for the conclusion that his obligation was altered or modified from that contained in the Nevada judgment.

As an initial matter, we do not believe the language cited by the Appellant can be read to support his argument. A logical reading of that language, at least to this court, reveals that the trial court enrolled the Nevada judgment, including the 18% interest. Although the trial court's order does not provide for a specific amount of interest, we consider it implausible that the trial court intended the words "plus post-judgment interest" to mean anything other than the 18% post-judgment interest provided for in the Nevada decree.[3] However, we need not engage in semantics in order to dispose of the present case. Even if we were to accept the Appellant's argument, it is clear that the trial court did not have the power to modify or alter the valid Nevada judgment.

As a general rule, foreign judgments are entitled to full faith and credit. U.S. CONST. art. IV, § 1. Tenn.R.Civ.P. 60.02(3) states that a final judgment may be set aside if it is void. It is well-recognized that there are circumstances in which this state may refuse to recognize a foreign judgment, such as when the foreign judgment is contrary to the public policy of Tennessee. See In re Riggs, 612 S.W.2d 461, 465 (Tenn. Ct. App. 1980), cert. denied, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). The present case has previously been appealed on the aforementioned basis, and this court upheld the trial court's acceptance of the Nevada judgment. The sole issue in this case is whether the trial court, through the language in its order of May 10, 1996, modified the Nevada judgment. As previously noted, we do not concur in the Appellant's argument that the language employed by the trial court can be read as having modified the Nevada judgment. Nevertheless, the Appellant has not presented, nor do we find, any basis for concluding that the trial court had the power to modify a valid judgment rendered in another state.

The United States Supreme Court has described the goal of the full faith and credit clause

---

[3] The Appellant contends that this court's order of October 10, 1996 regarding the amount of the appeal bond somehow set forth his full obligation to the Mirage. He contends that our order only provided for 10% interest as compared to the Nevada judgment which allowed for 18%. We need not hesitate long to dispose of this argument. This court's order of October 10, 1996 had nothing to do with the underlying judgment in this case. That order simply fixed the amount of the appeal bond. In no respect did that order undertake to modify the underlying judgment, nor as a general rule, does an appeal bond have any effect on an underlying judgment. See Holmes v. United States Fidelity and Guar. Co., 844 S.W.2d 632 (Tenn. Ct. App. 1992)("the purpose of a supersedeas or appeals bond was to protect the appellee 'from the inherent risks, such as subsequent insolvency of the appellant, associated with the delay in enforcement of the district court's judgment' during the appeals process.")(citing Neeley v. Bankers Trust Co., 848 F.2d 658 (5th Cir. 1988)).

as follows:

> The very purpose of the full faith and credit clause was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin.

Milwaukee County v. M.E. White Co., 296 U.S. 268, 276-277 (1939). To conclude that the courts of this state can, under the facts presented in this case, unilaterally modify a valid judgment rendered in another state would be contrary to the very essence of the full faith and credit clause of the United States Constitution. While there are certainly factual scenarios under which a state may choose not to enforce the judgment of another state, such a scenario is not present in this case. In fact, this court has previously stated that the Nevada judgment at issue is entitled to full faith and credit. Therefore, the Nevada judgment must be enforced according to its terms.

As the Mirage points out, there is only one judgment in this case, namely the Nevada decree. The trial court order which granted the motion to enroll the foreign decree does not and, in fact, could not have changed the terms of that decree. The trial court order merely recognized the validity of the Nevada decree and gave the Mirage the authority to enforce that judgment in Tennessee. Likewise, this court's order modifying the amount of the appeal bond had no effect on the underlying judgment. Accordingly, the Mirage is entitled to collect the full amount due under the Nevada judgment, and the trial court was correct in denying Appellant's motion to quash.

**Conclusion**

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, J. Roger Pearsall, for which execution may issue if necessary.